UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

JULIEN MORENA GARCON
      Plaintiff

vs.

7:16-CV-177

DHS/ICE, Atlanta field Office
LORETTA A. LYNCH, Attorney General
      Defendants
_____/

## CIVIL COMPLAINT UNDER PRIVACY ACT, 5 U.S.C. 552A

In this action brought under the Privacy Act, 5 U.S.C. 552a, plaintiff, a federal detainee, sues the Department of Homeland Security's Immigration and Customs Enforcement ("ICE") for allegedly maintaining inaccurate records pertaining to his nationality of citizenship in the immigration record.

### PARTIES

1. Plaintiff Julien Morena Garcon is a detainee at Irwin County Detention Center located in Ocilla, GA 31774.

2. Defendants Department of Homeland Security and Immigration and Custom Enforcement operates under the Attorney General at the Office of Chief Counsel-ATL, 180 Ted Turner Dr., SW, Ste. 332, Atlanta, GA 30303

1

3. Defendant Loretta Lynch is the Attorney General for Department of Homeland Security at the U.S Department of Justice, 401 N. Patterson St, Suite 212, P.O. BOX 68, Valdosta, GA 31601.

## JURISDICTION

4. The Privacy Act authorizes a lawsuit to enforce any liability created under this section . . . [if it is] brought . . . within two years from the date on which the cause of action arises, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.5 U.S.C. 552a(g)(5).

5. Plaintiff has exhausted his administrative remedies when the agency denied his request to correct the records. This cause of action for injunctive relief would not have accrued, however, until he exhausted his administrative remedies by obtaining a final agency action. **Dickson v. OPM**, 264 U.S. App. D.C. 182, 828 F.2d 32, 40 (D.C. Cir. 1987) (exhaustion is prerequisite to filing suit under the Privacy Act); see **Harris v. F.A.A.**, 359 U.S. App. D.C. 281, 353 F.3d 1006, 1010

(D.C. Cir. 2004) ("[R]ight of action first accrues on the date of the final agency action.").

## STATEMENT OF CASE

6. Plaintiff was convicted of constructive possession of a firearm by a convicted felon in the Southern District of Florida which he was sentence to 120 months imprisonment.

7. After the completion of his sentence he was apprehended by DHS/ICE custody on January 12th 2016. Plaintiff was charge for violating the immigration laws in the Notice to appear of being a Native and a citizen of Haiti.

8. Plaintiff submitted evidence to DHS/ICE informing them that the information in the records is incorrect and the inaccurate information is being used to deport him to a country where he not a citizen and a country he fear of going to because of past persecution with his family and future persecution because of his ties relation to his family and the torture that he will face if deported to that country.

9. Defendants willfully with knowledge failed to correct the information after several attempts of submitting evidence and request to correct the inaccurate information before being use against him in the immigration proceeding.

10. In this action brought under the Privacy Act, 5 U.S.C. 552a, plaintiff states the Department of Homeland Security's Immigration and Customs Enforcement

("ICE"), Loretta Lynch allegedly maintaining inaccurate records pertaining to his citizenship.

11. Plaintiff, states he is stateless person, refugee, citizenship yet to be determine by the Courts, claims that DHS/ ICE documents showing his nationality as Haiti, See exhibit A, has adversely affected his immigration status and resulted him as being classified as a deportable alien to Haiti.

12. Plaintiff wrote and submitted evidence to DHS/ICE on July 23, 2016 requesting them to update their files and information contesting that their information contain erroneous information that plaintiff is a citizen of Haiti.

13. Plaintiff submitted a letter with evidence from the Haitian government to DHS/ICE informing them he was not a Haitian Citizen since July 29th, 1991,therefore, defendants files contain erroneous information concerning his citizenship.

14. Plaintiff submitted several letters on July 21st 2016 and one request on July 21st 2016 and another on August 18th 2016 with DHS/ICE to correct the incorrect information.

15. Defendants failed to reply to plaintiff first request but responded to his last request. See letter and request attach.

16. The letter and request shows at best that plaintiff was diligent in pursuing administrative remedies. Plaintiff has exhausted his administrative remedies by obtaining a final agency action.

17. The evidence suggests, DHS/ICE records continued to show plaintiff as a citizen of Haiti and the government is attempting to deport him to Haiti, a country where he's not a citizen, a country he will be subjected to tortured, executed, and would not receive any protection from that country.

18. The defendants failed to correct the records and the delay in correcting the records was inexcusable.

19. The agency acts were intentionally and willfully when they was put notice of the incorrect information but failed to correct the error and had knowledge of the incorrect information and they committed the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act.")

20. See 5 U.S.C. 552a(e)(5) agencies to maintain records used in making "determination[s] about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."); **Deters**, 85 F.3d at 660 ("An agency acts in an intentional or willful manner either by committing the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act.")

## CLAIMS

21. He alleged that the Department violated the Privacy Act, 5 U.S.C. 552a, by willfully and intentionally failing to maintain and to disseminate records regarding his case with the appropriate level of accuracy, relevance, timeliness, and completeness. DHS/ICE failed to maintain accurate information regarding his citizenship status in his immigration proceeding deprived him of the benefits of being release from immigration detention to secure his freedom or to prevent him from seeking redress not be deported to a country his not a citizen where he will face persecution.

## Requested relief

The Claims for Injunctive and Declaratory Relief

22. Plaintiff request injunctive and declaratory relief to correct the incorrect information because the challenged record was not corrected to reflect plaintiff's nationality as being stateless, bunknown citizenship or citizenshiip yet to be determine by the court.

23. Plaintiff request the maximum monetary damages because of the delay in correcting the records was inexcusable.

24. Plaintiff request that defendant pay cost of this suit.

**Genuine Issues Exist on the Claim for Monetary Damages**

25. Subsections (g)(1)(C)(D) and (g)(4) of the Privacy Act authorize the awarding of monetary damages. To prevail on such a claim, plaintiff must establish that (1) the agency's record is inaccurate, (2) the inaccurate record resulted in an adverse determination, and (3) the agency's acts or omissions were willful or intentional. **Deters v. United States Parole Comm'n**, 318 U.S. App. D.C. 89, 85 F.3d 655, 657 (D.C. Cir. 1996); **Sellers v. Bureau of Prisons**, 294 U.S. App. D.C. 361, 959 F.2d 307, 312 (D.C. Cir. 1992); accord **Toolasprashad v. Bureau of Prisons**, 351 U.S. App. D.C. 64, 286 F.3d 576, 583 (D.C. Cir. 2002) (claim consists of allegations of "inaccurate records, agency intent, proximate causation, and an adverse determination"). It is undisputed that the challenged record was inaccurate, thereby satisfying the first requirement of the damages claim. The parties' submissions raise more questions than answers with respect to the second and third requirements, however.

7

Under the penalty of perjury the following facts are true.

Executed this 20th day of September 2016.

/s/ _Julien Garcon_

Julien Morena Garcon#A-091 394 654

Irwin County Detention Center

132 Cotton Dr.

Ocilla, GA 31774

8